IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| RAYMOND BROWN,<br><br>Plaintiff,<br><br>vs.<br><br>CORRECTIONAL OFFICER C. FOWLER, COORECTIONAL SGT. JOHN DOE, SUED INDIVIDUALLY AND IN OFFICIAL CAPACITY; AND COORECTIONAL OFFICER JOHN FOE,<br><br>Defendants. | Civil Action No.:<br>2:23-CV-01649-CBB-MRH<br><br>United States Magistrate Judge<br>Christopher B. Brown |

**MEMORANDUM OPINION**[1]
**REVOKING *IN FORMA PAUPERIS* STATUS**

**Christopher B. Brown, United States Magistrate Judge.**

### I.      Introduction

Plaintiff Raymond Brown is a state prisoner in the custody of the Pennsylvania Department of Corrections and currently incarcerated at SCI-Phoenix. Before the Court is Defendant C. Fowler's motion to vacate order on motion for leave to proceed *in forma pauperis* ("IFP"). ECF No. 75. The motion is fully briefed and ripe for disposition. ECF Nos. 76, 79, 80. For the reasons that follow, the Court will grant Defendant Fowler's motion, revoke Brown's IFP status

---

[1] A motion to proceed *in forma pauperis* is a non-dispositive motion and appropriately decided by a federal magistrate judge. *See Prater v. Dept. of Corrections*, 76 F.4th 184, 195–98 (3d Cir. 2023) (concluding an IFP motion is a non-dispositive pretrial motion and, as such, magistrate judges maintain jurisdiction to decide an IFP motion).

1

and dismiss this action without prejudice to Brown reopening it by paying the full statutory and administrative filing fees totaling $405.00.[2]

## I.     Factual Background

This action was initiated on September 15, 2023 by Brown submitting an IFP motion. ECF No. 1.  His original motion was denied as insufficient and he again filed a motion to proceed IFP which the Court granted. ECF Nos. 6, 9.

Distilled to its essence, Brown's operative complaint alleges that he was subjected to loud music and a loud vehicle interior during a seven-hour transport from SCI-Smithfield to SCI-Greene which caused pain, suffering and hearing loss. ECF No. 60 at ¶¶ 6-24.

After the Court granted in part and denied in part Defendants' motion to dismiss, and allowed Brown to file a second amended complaint, this case proceeded to discovery. ECF No. 65.  On January 7, 2025, Brown filed a motion for injunctive relief to prevent Defendants from transporting him in a lockbox and on a bus. ECF No. 66.  Thereafter, on January 15, 2025, this Court entered a briefing order requiring the parties to brief whether Brown's IFP status should be revoked, as it came to the attention of the Court that he filed several other 42 U.S.C. § 1983 cases about the conditions of his confinement under several different names, including "R. Brown," "Raymon Brown," "Raymond Scott Brown," "Cordiro Raymond Brown," "Cordiro R. Brown," and "Raymond Cordiro Brown" and because several other

---

[2]     The filing fee is $350.00 plus a $55.00 administrative fee, for a total of $405.00.  *See* https://www.pawd.uscourts.gov/fee-schedule.

courts had found that Brown was three-struck from proceeding IFP under 28 U.S.C. § 1915(g) several years before he initiated this action. ECF No. 68.

## II. The Prison Litigation Reform Act and the Three Strikes Rule

The IFP statute, 28 U.S.C. § 1915, allows indigent litigants to bring an action in federal court without prepayment of filing fees, ensuring that such persons are not prevented "from pursuing meaningful litigation" because of their indigence. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc) (internal quotation marks omitted), *cert denied,* 533 U.S. 953 (2001). "[I]n response to the tide of substantively meritless prisoner claims that have swamped the federal courts," Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996. *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (cleaned up), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).

Among other things, the PLRA implemented the so-called "three strikes rule," which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, under the PLRA, prisoners with three prior strikes can proceed IFP only if they are in imminent danger of serious physical injury.

3

"[A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "A strike-call under Section 1915(g) . . . hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax v. Ortiz-Marquez*, 590 U.S. –, 140 S. Ct. 1721, 1724-1725 (2020). In other words, "a prisoner accrues a strike for any action dismissed on the ground that it fails to state a claim upon which relief may be granted" and applies to dismissals "issued both with and without prejudice to a plaintiff's ability to reassert his claim in a later action." *Id.* at 1724 (cleaned up). That said, "mixed dismissals – where a district court dismisses a prisoner's federal claims on grounds enumerated in § 1915(g) and declines to exercise supplemental jurisdiction over the prisoner's state law claims" do not count as strikes. *Talley v. Wetzel*, 15 F.4th 275, 279 (3d Cir. 2021).

Prisoners with three strikes who cannot satisfy the imminent danger exception are not barred from filing additional federal actions, rather they are denied the privilege of proceeding IFP and must pay the requisite filing fee in full prior to commencing a new action. *Abdul-Akbar*, 239 F.3d at 314. Thus, when denying or revoking a prisoner's IFP status because of the accrual of three strikes, the Court must determine what strikes the prisoner accrued prior to initiating the

4

action immediately before the Court. *Gibbs v. Ryan*, 160 F.3d 160, 162 (3d Cir. 1998). If determined to have three qualifying strikes to their name, then the Court must consider whether the prisoner qualifies for the "imminent danger" exception.

When deciding whether a prisoner meets the "imminent danger" exception, a Court must examine the situation faced by the prisoner at the time of the filing of the complaint, and a showing of danger in the past is insufficient to demonstrate "imminent danger." *Abdul-Akbar*, 239 F.3d at 312. Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to pro se litigants, although the Court need not credit "fantastic or delusional" allegations that "rise to the level of the irrational or wholly incredible." *Gibbs v. Cross*, 160 F.3d 962, 966–67 (3d Cir. 1998) (quotations omitted) (*overruled on other grounds*, *Abdul-Akbar*, 239 F.3d 307).

A plaintiff's IFP status may be revoked at any time that the improperly obtained status is determined, either on motion or by the Court *sua sponte. See Bailey v. Overmyer*, No. CV 16-86, 2017 WL 1364104 (W.D. Pa. Jan. 13, 2017); *Love v. New Jersey Dept. of Correction*, No. CIV.A. 10-1714 GEB, 2011 WL 345964 (D.N.J. Jan. 31, 2011); *Bronson v. Overton*, No. CIV.A 08-52E, 2010 WL 2512345 (W.D. Pa. May 27, 2010).

### III. Discussion

The Court takes judicial notice of the fact that Brown has at least three qualifying strikes within the meaning of 28 U.S.C. § 1915(g):

(1)     *Raymond Brown v. Buck*, 2:14-cv-2866-ER (E.D.Pa. 2014) (case initiated May 19, 2014 and all claims dismissed for failure to state a claim and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) at ECF No. 7 and affirmed on appeal ECF No. 21);

(2)     *Raymond Brown v. McGlynn*, 2:15-cv-2217-TON (E.D.Pa. 2015) (case initiated on April 24, 2015 and all claims dismissed for failure to state a claim and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) at ECF Nos. 4 and 5 and appeal dismissed ECF No. 26);

(3)     *Raymond Scott Brown v. Green*, 3:18-cv-487-MEM-DB (M.D.Pa. 2018) (case initiated on February 28, 2018 and all claims in the complaint dismissed for failure to state a claim at ECF No. 44 and appeal dismissed ECF No. 69);

(4)     *Raymond Brown v. Cohen*, 2:22-cv-2499-CMR (E.D.Pa. 2022) (case initiated on June 24, 2022 and all claims in the complaint dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) at ECF No. 8).[3]

It does not appear that Brown disputes that he has three strikes, rather he argues here the "imminent danger" exception to the three-strike rule. ECF Nos. 79,

---

[3]     "[T]he dismissal of an action for failure to meet *Heck's* favorable-termination requirement counts as a PLRA strike for failure to state a claim." *Garrett v. Murphy*, 17 F.4th 419, 427 (3d Cir. 2021).

80. Indeed, he has admitted he has three-strikes in other cases, including in another case pending before the undersigned.[4]

Although Brown has at least three "strikes," he may be entitled to proceed IFP under the "imminent danger" exception to the three strikes rule which is an argument he advances. To satisfy the imminent danger exception, he must allege facts showing that he was in imminent danger at the time the complaint was filed; allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception to section 1915(g). *See Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001) (overruling *Gibbs v. Roman*, 116 F.3d 83, 86 (3d Cir. 1997)).

Brown alleges he suffered pain and hearing loss as result of being transported in a noisy vehicle for seven hours when he was transferred to another facility on one occasion. He made these allegations in the original complaint filed in September of 2023 which was several months after his transport in July of 2023. ECF No. 1. Past allegations like these are insufficient to show imminent danger. Therefore, after reviewing the allegations contained in the second amended complaint filed over a year later in November of 2024, the undersigned finds Brown has not satisfied the imminent danger exception as he did not allege facts that would indicate he was in imminent danger of serious physical injury from any defendant at the time he initiated this lawsuit.

---

[4]  *See Raymond Brown v. Eckenrode*, 3:25-cv-00046-CBB (W.D.Pa. 2025) (ECF No. 1-2: "I have 3 strikes under 28 [U.S.C. §] 1915(g)."); *Cordiro Raymond Brown v. Wetzel*, 2:20-cv-00512-CCW-MPK (W.D.Pa. 2020) (ECF No. 1: indicating Brown has three strikes under § 1915(g)).

**IV.    Conclusion**

For these reasons, Brown's IFP status is revoked in accordance with 28 U.S.C. § 1915(g) and this action will be dismissed without prejudice to Brown reopening it by paying the full statutory and administrative filing fees, totaling $450.00.[5]  A separate Order follows.

DATED this 4th day of April, 2025.

BY THE COURT:


s/Christopher B. Brown
United States Magistrate Judge


cc:    RAYMOND BROWN
       LT6439
       SCI PHOENIX
       1200 Mokychic Drive
       Collegeville, PA 19426

---

[5]    Brown is advised that if he pays the filing fee, the case will still be subject to statutory screening under § 1915A because he is a prisoner. Thus, the Court may dismiss the complaint, or any portion of the complaint, if it is determined that the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. If his complaint is dismissed under § 1915A, Brown will not be entitled to the return of his $405.00 filing fee.